## MATTER OF KINJ

### In Deportation Proceedings

### A-10353646

*Decided by Board February 18, 1965*

The parent of a minor United States citizen is ineligible for preference quota classification under section 203(a)(2), Immigration and Nationality Act, as amended. [Reaffirmed: 360 F.2d 304 (1966)].

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student, remained longer.

The case comes forward on appeal from the order of the special inquiry officer dated November 17, 1964, denying the application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, granting voluntary departure in lieu of deportation with the further order that if the respondent failed to depart when and as required, he be deported to Lebanon on the charge contained in the order to show cause.

The record relates to a native and citizen of Lebanon, 30 years old, male, who last entered the United States at the port of New York on January 31, 1956. He was then admitted as a nonimmigrant student, authorized to remain in such status until January 5, 1963. The respondent was granted until February 10, 1963, within which to effect voluntary departure but remained thereafter without authority. Deportability on the charge stated in the order to show cause is established.

The case was previously before us on appeal from an order of the special inquiry officer entered on March 27, 1963, granting voluntary departure with the alternate order that if he failed to depart as required, he be deported to Lebanon. The appeal was dismissed. On August 7, 1964, we ordered proceedings reopened for the purpose of considering the respondent's request for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, or for such other relief as might be appropriate.

The record shows that the respondent on September 5, 1963, in the Parish of East Baton Rouge, Louisiana married Shirley Claudia O'Hara Mulligan, a native-born citizen of the United States. On April 19, 1964, at Omaha, Nebraska, the respondent's wife gave birth to a citizen child. The day after the marriage she completed a visa petition to accord the respondent nonquota status. In her sworn statement of April 20, 1964, the wife asked that the visa petition be revoked and on May 19, 1964, the District Director at New Orleans denied the visa petition. On May 29, 1964, the respondent filed a petition for separation *a mensa et thoro* in the Family Court For The Parish Of East Baton Rouge, Louisiana in which respondent asserted under Louisiana law he was the legal father of the child and was awarded the temporary care, custody and control of the minor child (Ex. R-4). (A final decree in this matter was rendered on September 9, 1964.) There is some evidence in the file of a sham marriage for the purpose of avoiding deportation. There is also evidence that the respondent is not the natural father of the child (Ex. R-4; Ex. R-6, p. 5; Ex. R-7). However, we need not at this point consider whether the relief of section 245 of the Act is warranted as a matter of discretion. For the purpose of this discussion we shall also assume, without conceding, that under the laws of the State of Louisiana the respondent is recognized as the legal father of the child, Darlene Rachael, born in Nebraska, despite his admission that he is not the biological or natural father of the child and despite the statement by the mother that there was never any intercourse between herself and the respondent.

The critical question in the case is whether the respondent can meet the requirement of section 245(a)(3) of the Immigration and Nationality Act (8 U.S.C. 1255(a)(3)) that an immigrant visa be immediately available to the alien. Section 203(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1153 (a)(2)) provides:

(2) The next 30 per centum of the quota for each quota area for such year, plus any portion of such quota not required for the issuance of immigrant visas to the classes specified in paragraphs (1) and (3), shall be made available for the issuance of immigrant visas *to qualified quota immigrants who are the parents of citizens of the United States, such citizens being at least twenty-one years of age or who are the unmarried sons or daughters of citizens of the United States.* (Emphasis supplied.)

Counsel construes the underlined portion of this section as though the language thereof reads:

* * * to qualified quota immigrants who are the parents of citizens of the United States, such citizens being (a) at least twenty-one years of age; or (b) who are the parents of unmarried sons or daughters of citizens of the United States.

Counsel argues that inasmuch as the respondent is the parent of a citizen who is the unmarried daughter of his citizen wife, he is therefore entitled to second preference quota status under the statute as he interprets it.

The ingenuousness of counsel is commendable but not persuasive. When the language of a statute is plain and unambiguous there is no occasion for construction, and the statute must be given effect according to its plain and obvious meaning. The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. Proper interpretation of a statute requires adherence to the plain common sense and meaning of the language therein contained, rather than an application of refined and technical rules of grammatical construction.[1]

As we read section 203(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1153(a)(2)), the second preference category of immigrant visas is available to qualified quota immigrants who are the parents of citizens of the United States, such citizens being at least 21 years of age, or to qualified quota immigrants who are the unmarried sons or daughters of citizens of the United States. We are unable to read into the language of the statute the meaning ascribed by counsel that immigrant visas are available to parents of the unmarried sons or daughters of citizens of the United States.

The report of the committee in each House of the legislature which investigated the desirability of the statute under consideration is a much used source for determining the intent of the legislature, when it sets forth a committee's grounds for recommending passage of the proposed bill and, more important, its understanding of the nature and effect of the measure. Although not decisive, the intent of the legislature as revealed by the committee report is highly persuasive.[2]

Section 1 of the Act of September 22, 1959 (P.L. 86-363); 73 Stat. 644, H.R. 5896, provides:

Section 203(a)(2) of the Immigration and Nationality Act is hereby amended by striking out the period and adding the following: "or who are the unmarried sons and daughters of citizens of the United States."

Senate Report No. 962 (September 8, 1959), to accompany H.R. 5896, states that section 1 of the Bill would improve the quota immigrant status of the unmarried sons or daughters over 21 years of age of citizens of the United States by moving them from the

[1] 2 C.J.S. 577, 560, 683.
[2] *Sutherland, Statutory Construction* (1943 ed.) pp. 489, 490.

44

fourth to the second preference in the allocation of immigrant visas within the quotas. The second preference is presently available only to parents of United States citizens. The report made reference to a letter from the Deputy Attorney General, dated June 23, 1959, to the Chairman, Committee of the Judiciary, which stated:

Under existing law (section 203(a)(4) of the Immigration and Nationality Act) aliens who are the sons and daughters of citizens of the United States are accorded fourth preference in the allocation of immigrant visas within quotas. Under section 1 of the Bill, the adult unmarried sons or daughters of citizens of the United States would be placed in the second-preference category.

We believe that the plain reading of the statute and the legislative history conclusively demonstrates that the allocation of quotas within the second preference group is available only to two categories of immigrants: (1) immigrants who are the parents of citizens of the United States, such citizens being at least 21 years of age; or (2) immigrants who are the unmarried sons or daughters of citizens of the United States. Inasmuch as the respondent does not fall within any of these categories, he is eligible only for nonpreference status. The nonpreference portion of the quota for Lebanon, to which the respondent is chargeable, is oversubscribed. A visa is not immediately available to the respondent and his application for adjustment of status under section 245 was properly denied. The respondent has been granted the privilege of voluntary departure with an automatic order of deportation if he fails to depart as required. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.